OPINION
{¶ 1} Defendant-appellant, Joseph R. Matejkovic, appeals from an order granting summary judgment to plaintiff-appellee, Ameritech Publishing, Inc.
 {¶ 2} Ameritech provided advertising services in its telephone directory to Matejkovic from July of 2003 to February of 2006. On September 20, 2006, Ameritech commenced an action on an account against Matejkovic for failure to pay for those advertising services, seeking a judgment for the alleged balance due, $19,223.11. In his answer, Matejkovic admitted the existence of his underlying contract with Ameritech but denied that he owed *Page 2 
Ameritech $19,223.11.
 {¶ 3} On May 1, 2007, the trial court entered a pretrial order that set forth certain deadlines. Motions for summary judgment were due no later than September 7, 2007, and responses to motions filed on that date were due by September 21, 2007. Under the section of the pretrial order entitled "SUMMARY JUDGMENT MOTIONS," the trial court stated, in part: "Responses to motions for summary judgment shall be filed no later than the date indicated, or within fourteen (14) days after the motion being responded to is filed, whichever is earlier. The court will consider the motions at issue as of the filing of the responses."
 {¶ 4} Ameritech filed a motion for summary judgment on June 27, 2007. The certificate of service attached to its motion states that Ameritech mailed a copy of the motion to Matejkovic on June 25, 2007. Ultimately, the motion was filed with the clerk of courts on June 27, 2007. According to Matejkovic, he did not receive the copy of the motion from Ameritech until June 30, 2007. The copy received by Matejkovic does not reflect the date the motion was filed.
 {¶ 5} On July 13, 2007, the trial court granted Ameritech's motion for summary judgment. On July 16, 2007, Matejkovic sent via mail his memorandum opposing the motion for summary judgment to both the clerk of courts and counsel for Ameritech. The opposition memorandum was file-stamped by the clerk of courts on July 17, 2007.
 {¶ 6} After filing his memorandum in opposition to the motion for summary judgment, Matejkovic discovered that the trial court had granted Ameritech's motion. On August 1, 2007, Matejkovic filed a motion to vacate the trial court's July 13, 2007 order. The trial court scheduled a hearing on the motion to vacate for August 30, 2007. Matejkovic then filed a timely notice of appeal from the July 13, 2007 judgment entry. The trial court canceled the August 30, 2007 hearing because it no longer had jurisdiction to rule on Matejkovic's motion to vacate. *Page 3 
 {¶ 7} First Assignment of Error:
 {¶ 8} "THE TRIAL COURT ERRED IN FILING A JUDGMENT ENTRY ON JULY 13, 2007 IN FAVOR OF AMERITECH AND AGAINST MATEJKOVIC."
 {¶ 9} Due process requires that sufficient notice and an opportunity to respond be given to the parties before a trial court may grant a motion for summary judgment. "One of the overriding goals of Civ. R. 56 is fundamental fairness to all litigants, given the high stakes involved when summary judgment is sought . . . Civ. R. 56's procedural fairness requirements place significant responsibilities on all parties and judges to ensure that summary judgment should be granted only after all parties have had a fair opportunity to be heard." Hooten v. Safe AutoIns. Co., 100 Ohio St.3d 8, 2003-Ohio-4829, at ¶ 34 (citations omitted).
 {¶ 10} Civ. R. 56 does not establish a date on which a response to a motion for summary judgment must be filed. The Supreme Court held inHooten that Civ. R. 56(C) precludes a hearing on a summary judgment motion from taking place until at least fourteen days have passed fromservice of the motion. Hooten, 2003-Ohio-4829 at ¶ 39, citing State exrel. The V. Cos. v. Marshall, 81 Ohio St.3d 467, 470, 1998-Ohio-329. However, a different deadline date for filing any response to the motion may be established. Hooten at ¶ 23. If a deadline date is established, notice of the applicable deadline for a response should be provided by the trial court through an order entered in the proceeding or a local rule of court. Hooten at ¶ 35.
 {¶ 11} "Obviously, if the trial court does set an explicit hearing date for the summary judgment motion, it succeeds in providing the requisite notice. Likewise, if the trial court sets explicit cutoff dates for the parties to file briefs and Civ. R. 56 materials, it succeeds in putting the parties on notice of the date that the motion will be ripe for decision." Hooten, 2003-Ohio-4829 at ¶ 23. Also, a local rule of court may provide sufficient notice of the hearing date or submission deadlines. Id. at ¶ 33. But the local rule must complement Civ. R. 56's basic *Page 4 
structure and not contradict it. Id. at ¶ 29.
 {¶ 12} In the present case, notice of the schedule for filing and responding to summary judgment motions came from two sources: the trial court's pretrial order and a local rule of court. In its pretrial order, the trial court set September 7, 2007, as the final deadline for filing summary judgment motions, and ordered that responses to such motions had to be filed no later than September 21, 2007, "or within fourteen (14) days after the motion being responded to is filed, whichever is earlier." (Emphasis supplied.) The court stated that it would "consider the motions at issue as of the filing of the responses."
 {¶ 13} Loc. R. 3.06(d) of the Court of Common Pleas of Butler County states:
 {¶ 14} "Unless an extension of time is granted for good cause shown, any memorandum in opposition to a motion, or a memorandum of a co-party in support of the motion, shall be filed within fourteen (14) days ofthe filing of the motion and the movant shall file any reply memorandum in support of the motion within seven (7) days of the filing of the last memorandum in opposition. No memorandum shall exceed fifteen (15) pages in length without leave of court. Unless oral argument is requested pursuant to Rule 3.06(c), a motion shall be considered submitted to the court for decision upon the expiration of said time period." (Emphasis supplied.)
 {¶ 15} We believe Butler County Common Pleas Loc. R. 3.06(d) and the trial court's pretrial order applying its local rule are inconsistent with the notice requirements of Civ. R. 56 and Hooten, to the extent that they establish a deadline for a party's opposition memorandum in relation to the date of filing of a motion for summary judgment rather than the date of its service. We acknowledge that, per Hooten, courts may reduce or enlarge from 14 days the amount of time in which a party may file a response to a motion for summary judgment. However, when a court does so, it must provide sufficient notice to the parties to satisfy the requirements of due process. *Page 5 
 {¶ 16} The trial court's pretrial order and Loc. R. 3.06(d) both rely on the date the motion for summary judgment is filed as the date on which the time for filing a memorandum in opposition to the motion begins to run. But the act of filing a motion with the court does not provide notice to an opposing party. Rather, notice to the opposing party is provided by service of the motion on the other party. See Civ. R. 4, 5, 56. Service rather than filing is what is crucial to providing the notice required by due process and Civ. R. 56. Reasonably, any time limit for a reply, whether established by order or a local rule, should be calculated from the date of service.
 {¶ 17} Because the trial court's pretrial order and Loc. R. 3.06(d) focus on the date of filing rather than service, they are inconsistent with Civ. R. 56. Courts may not adopt additional rules concerning local practice that are inconsistent with the rules promulgated by the supreme court. Section 5(B), Article IV, Ohio Constitution. We urge the Butler County Court of Common Pleas to modify its local rule to make its time provisions contingent on service, not filing, of the motion for summary judgment.
 {¶ 18} Relying on its pretrial order and its local rules of court, which are inconsistent with Civ. R. 56 and Hooten, the trial court granted Ameritech's motion for summary judgment without providing sufficient notice to Matejkovic of the deadline for filing a response to the motion for summary judgment. In doing so, the trial court abused its discretion. Matejkovic's first assignment of error is sustained.
 {¶ 19} Second Assignment of Error:
 {¶ 20} "THE TRIAL COURT ERRED IN NOT SERVING A COPY OF THE JUDGMENT ENTRY ON MATEJKOVIC."
 {¶ 21} Third Assignment of Error:
 {¶ 22} "HE TRIAL COURT ERRED IN NOT GRANTING MATEJKOVIC'S MOTION TO VACATE THE JUDGMENT ENTRY FILED JULY 13, 2007." *Page 6 
 {¶ 23} These two assignments of error are rendered moot by our prior holding, and therefore we need not decide them. App. R. 12(A)(1)(c). Therefore, the second and third assignments of error are overruled.
 {¶ 24} Having sustained the first assignment of error, we reverse the judgment from which the appeal was taken and remand the case for further proceedings consistent with this opinion.
BROGAN, J., and FAIN, J., concur.
Hon. James A. Brogan, Hon. Mike Fain, and Hon. Thomas J. Grady, Second Appellate District, sitting by Assignment of the Chief Justice of the Supreme Court of Ohio pursuant to Section 5(A)(3), Article IV of the Ohio Constitution. *Page 1