OPINION
{¶ 1} Appellant, State Farm Fire and Casualty Company, appeals the decision of the Madison County Court of Common Pleas granting summary judgment to appellees, Wayne Holland ("Holland") and Dennis Marshall ("Marshall"). For the reasons set forth below, we affirm the trial court's judgment. *Page 2 
 {¶ 2} This matter concerns an insurance claim paid by appellant following a fire at the residence of its insured, Deborah Perlenfein. The home was originally constructed by Holland for an individual named Doug DeLong. Holland subcontracted the electrical work on the project to Marshall, who is a licensed electrical contractor.
 {¶ 3} At approximately 9:45 am on February 15, 2004, Holland observed smoke emanating from the subject residence as he was driving down an adjacent road. He proceeded to the residence, where three other witnesses had also just arrived. Upon entering the home, Holland heard the sound of running water and observed water dripping through the ceiling from the second floor. He proceeded upstairs to the master bedroom where he observed heavier smoke than was present in the rest of the home, and that the master bathroom door was burned "almost completely off."
 {¶ 4} Holland entered the master bathroom, which he observed was "scorched," but had no active flames. He observed that one of the bathtub faucet handles was broken off and that water was "spraying everywhere." He also observed that two of the back windows were broken out and that most of the trim and jams were burnt. According to Holland, the ceiling was still in place at that time. After investigating further, Holland observed "fire or a red glow through the heat run register grill in the ceiling towards the back of the room above the center window."
 {¶ 5} Fireman Mike Chamberlain responded to the fire shortly thereafter and observed smoke and flames coming out of the second floor window from the master bathroom. Chamberlain extinguished the fire in the master bathroom, and noted that the drywall ceiling was still intact at that time. He then "tore down the drywall ceiling in the master bathroom * * * to determine whether a fire was burning in the attic." Chamberlain indicated he saw fire in the attic after doing so.
 {¶ 6} Appellant, as subrogee, subsequently filed the instant action against Holland *Page 3 
seeking damages arising out of the fire. Holland filed a third-party complaint against Marshall for contribution and/or indemnification. On May 17, 2007, Holland moved for summary judgment, after which Marshall moved for summary judgment on the third-party complaint. On July 10, 2007, the trial court granted the summary judgment motions after finding the testimony of appellant's expert witnesses inadmissible.
 {¶ 7} Appellant now appeals the trial court's decision, advancing a single assignment of error.
 {¶ 8} Assignment of Error:
 {¶ 9} "THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE WAYNE HOLLAND."
 {¶ 10} In its sole assignment of error, appellant argues the trial court erred in granting summary judgment to Holland where genuine issues of material fact remain to be litigated with respect to its negligence claim. We find appellant's contention without merit.
 {¶ 11} We review a trial court's decision on summary judgment de novo.Burgess v. Tackas (1998), 125 Ohio App.3d 294, 296. Summary judgment is proper when (1) there are no genuine issues of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can only come to a conclusion adverse to the nonmoving party, construing the evidence most strongly in that party's favor. Civ. R. 56(C). See, also, Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66. The moving party bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107. If the moving party meets its burden, the nonmoving party has a reciprocal burden to set forth specific facts demonstrating a genuine issue for trial. Id.
 {¶ 12} To establish an actionable negligence claim, "the plaintiff must show the existence of a duty, a breach of the duty, and an injury proximately resulting therefrom." *Page 4 Texler v. D.O. Summers Cleaners Shirt Laundry Co., 81 Ohio St.3d 677,680, 1998-Ohio-602. In this case, appellant contends the doctrine of res ipsa loquitur applies to establish Holland's negligence where the evidence demonstrates the fire originated in the attic above the master bathroom. Res ipsa loquitur is an evidentiary doctrine that allows a jury to infer negligence on the part of the defendant. Gayheart v.Dayton Power Light Co. (1994), 98 Ohio App.3d 220, 230. To warrant its application, the plaintiff must demonstrate "`(1) [t]hat the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed.'" Id., quoting Hake v. Wiedemann Brewing Co. (1970), 23 Ohio St.2d 65,66-67.
 {¶ 13} Appellant presents several sub-arguments in support of its contention the trial court erred in granting summary judgment to Holland. Appellant's central argument concerns the trial court's exclusion of its expert witnesses' testimony. Appellant contends this exclusion was improper and that without such exclusion, genuine issues of material fact remain as to its negligence claim, rendering summary judgment inappropriate. In addition, appellant argues the trial court erred in granting summary judgment on grounds not requested by Holland.
 {¶ 14} It is well-established that trial courts have broad discretion in determining whether evidence is admissible. Komenovich v. AK SteelCorp. (Jan. 25, 1999), Butler App. No. CA98-08-172, at 16, citingInman v. Inman (1995), 101 Ohio App.3d 115, 120. With respect to expert opinions, trial courts have been deemed "gatekeepers" tasked with screening such evidence for relevancy and reliability. See GeneralElectric Co. v. Joiner (1997), 522 U.S. 136, 142, 118 S.Ct. 512;Valentine v. PPG Industries, Inc., 158 Ohio App.3d 615, 2004-Ohio-4521, ¶ 23. Accordingly, "even in the absence of an objection, the trial court has the inherent power to exclude or strike evidence on its own motion."Oakbrook Realty *Page 5 Corp. v. Blout (1988), 48 Ohio App.3d 69, 70. An abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} To be considered on summary judgment, expert opinions must comply with Civ. R. 56 as well as Evid. R. 702 through 705. See Moore v.Eastgate Seafood, Inc. (May 10, 1999), Clermont App. No. CA98-11-102, at 6. See, also, Komenovich at 15-16.
 {¶ 16} Evid. R. 702 provides:
 {¶ 17} "A witness may testify as an expert if all of the following apply:
 {¶ 18} "(A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;
 {¶ 19} "(B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;
 {¶ 20} "(C) The witness' testimony is based on reliable scientific, technical, or other specialized information. * * *"
 {¶ 21} In determining whether an expert's opinions are reliable under Evid. R. 702(C), our inquiry focuses upon whether the principles and methods the expert employed to reach his opinion are reliable, rather than whether the conclusions are correct. Miller v. Bike AthleticCo., 80 Ohio St.3d 607, 611, 1998-Ohio-178. A trial court may find an expert opinion unreliable where the expert did not have, prior to formulating his opinion, all of the necessary facts upon which to base his opinion. See Hicks v. Toledo Blade Co., Lucas App. No. L-03-1317, 2004-Ohio-5241, ¶ 34. Moreover, "`[a] court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.'" Valentine v. Conrad, 110 Ohio St.3d 42, 2006-Ohio-3561, ¶ 18, quoting Gen. Elec. Co., 522 U.S. at 146, 118 S.Ct. 512. *Page 6 
 {¶ 22} Evid. R. 703 provides that "[t]he facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by the expert or admitted in evidence at the hearing." "[W]here an expert bases his opinion, in whole or in majorpart, on facts or data perceived by him, the requirement of Evid. R. 703 has been satisfied." State v. Solomon (1991), 59 Ohio St.3d 124, 126. (Emphasis added.) In the alternative, "[a]s long as evidence admissible at trial is introduced and admitted through fact witnesses with personal knowledge, an expert witness without personal knowledge of the underlying event is permitted to testify to an opinion based on admitted facts." Pennsylvania Lumbermens Ins. Corp. v. Landmark Elec, Inc.
(1986), 110 Ohio App.3d 732, 738.
 {¶ 23} "An expert basing his opinion on facts beyond his personal knowledge and/or evidence not otherwise admissible, is in essence giving hypothetical testimony; it is not evidence standing alone that would support or oppose a summary judgment. The evidence the expert relies upon must be admissible in order to create a genuine issue of material fact." Komenovich, Butler App. No. CA98-08-172, at 16, citingPennsylvania Lumbermens at 739. "In the case of an expert witness who has no personal knowledge of the facts upon which his opinion is based, * * * it is the expert's expertise in a particular field, combined with the factual testimony of other witnesses, that is used to create a genuine issue of material fact." Pennsylvania Lumbermens at 739.
 {¶ 24} In this case, appellant presented the testimony of experts, Thomas Bensen and Richard Marzola, concerning the cause and origin of the subject fire. During his deposition, Bensen indicated he was retained to determine the origin of the fire while Marzola was retained to determine its cause. After providing his educational background and training, Bensen indicated that he analyzed the origin of the fire by studying fire patterns, the remaining physical evidence at the scene, and witness statements. Bensen opined that the fire originated in the attic above the master bathroom and spread to other areas of the house *Page 7 
through the attic and through "drop down" into the master bathroom. He explained that "drop down" is "[b]urning combustible material that falls down in an area and can appear to look like a second point of origin or second area of origin." Bensen admitted that "[t]he ceiling would have to come down to get drop-down," and that he did not know when the witnesses who saw the ceiling intact were at the residence in relation to when the alleged drop down fire occurred. He also admitted that, at the time he performed his analysis, he was unaware of witness statements indicating the ceiling was intact after the master bathroom fire had burned out.
 {¶ 25} Marzola testified during his deposition that an examination of the electrical wiring in the attic "indicated a cable routed from the west wall outlet exhibited evidence of electrical arcing and shorting as well as thermal melting." He further opined that the "cause of the fire was the ignition of combustible materials due to the heat generated by the electrical arcing and shorting that occurred when the hot and neutral conductors came into contact with each other. * * * The cable was damaged during the installation of the home when constructed[.]" Upon further questioning, however, Marzola admitted that a fire non-electrical in nature can cause arcing that would suggest an electrical cause. Marzola indicated that the only evidence he has in this case that the arcing took place prior to the fire, as opposed to the fire causing the arcing, is the information supplied by Bensen concerning the origin of the fire. He admitted that if Bensen's conclusion as to the origin of the fire is incorrect, his examination of the wiring does not support a determination that electrical arcing was the cause of the fire.
 {¶ 26} As an initial matter, the trial court in this case noted that both Bensen and Marzola qualified as experts pursuant to Evid.R 702(B) based upon their education, knowledge and experience. Such qualification is not at issue on appeal. In addition, the parties do not dispute that the opinions at issue related to matters beyond the knowledge and experience of laypersons, as required by Evid. R. 702(A). The sole issue in this case is whether the testimony in question is reliable under Evid. R. 702(C). *Page 8 
 {¶ 27} In determining Holland's summary judgment motion, the court discussed whether Bensen's and Marzola's opinions were admissible where they were "based upon assumptions contradicted by eye witness testimony." In doing so, the court performed the analysis set forth inDaubert v. Merrill Dow Pharmaceuticals (1992), 509 U.S. 579,113 S.Ct. 2786, to determine whether Bensen's and Marzola's opinions were based upon reliable methodology. The court concluded that such opinions were unreliable and speculative due to the undisputed testimony of witnesses who observed the ceiling intact after the fire in the bathroom had burned out. Accordingly, the trial court excluded the opinions and granted summary judgment to Holland where no genuine issue of material fact remained as to appellant's negligence claim without the testimony of appellant's experts.
 {¶ 28} Our review of the record demonstrates the trial court properly excluded the opinions of Bensen and Marzola. As an initial matter, we note that such opinions were based upon facts not in evidence, in violation of the requirements of Evid. R. 703. Arguably, the trial court could have concluded its analysis of the admissibility question after finding appellant failed to produce any evidence that the ceiling was compromised, and that the subject opinions were based upon unsubstantiated facts directly contradicted by eye witnesses. The record demonstrates that Bensen's opinion, and in turn, Marzola's opinion, was premised upon the ceiling being compromised, a fact neither perceived by him nor attested to by any other witnesses. In fact, appellant failed to produce any evidence to contradict that provided by Holland and Chamberlain that the ceiling of the master bathroom was intact after the fire had burned out in that area.
 {¶ 29} Moreover, the record demonstrates the trial court properly excluded the opinions in question as unreliable, pursuant to Evid. R. 702(C). As noted by the trial court, Bensen was "wholly unaware" of the observations of Holland and Chamberlain that the fire in the master bathroom had burned out but the ceiling was fully in place at the time they arrived at the *Page 9 
scene. As stated, a trial court may find an expert's opinion unreliable where the expert lacks all of the necessary facts prior to formulating his opinion. See Hicks, 2004-Ohio-5241 at ¶ 34. In addition, neither appellant nor its experts offered any evidence that the ceiling was compromised to support the theory that the fire originated in that attic and spread to the bathroom below as a result of "drop down" through the ceiling. Notably, appellant's experts provided the trial court with no alternatives as to the manner in which the fire could have reached the master bathroom from the attic. Accordingly, we cannot find the trial court's attitude was unreasonable, arbitrary or unconscionable in finding the opinions of Bensen and Marzola speculative and unreliable.
 {¶ 30} Finally, contrary to appellant's contention, we find the trial court did not improperly weigh witness credibility in determining the admissibility of Bensen's and Marzola's testimony. Rather, the court considered the undisputed testimony of eye witnesses in relation to the opinions rendered by Bensen and Marzola, which were based upon unfounded factual assumptions. Because the trial court did not err in excluding the expert testimony of Bensen and Marzola, without which no issue of material fact remained as to appellant's negligence claim, we find summary judgment was properly granted to Holland.
 {¶ 31} Appellant advances a number of other arguments in support of its sole assignment of error that the trial court erred in granting Holland summary judgment. Appellant first argues the trial court erred in considering Holland's reply memorandum and supplemental reply memorandum where neither the court's scheduling order nor local rules provided for the filing of the same. Further, appellant argues the trial court erred in granting summary judgment to Holland without affording appellant an opportunity to respond to the supplemental reply memorandum.
 {¶ 32} This court has previously recognized that trial courts possess the inherent power to control their own dockets and the progress of court proceedings, and are afforded great *Page 10 
latitude in following their own local rules. Paramount Parks, Inc. v.Admiral Ins. Co., Warren App. No. CA2007-05-066, 2008-Ohio-1351, ¶ 37, citing Business Data Sys., Inc. v. Gourmet Café Corp., Summit App. No. 23808, 2008-Ohio-409; Pollock v. Jones (June 23, 2000), Lucas App. No. L-99-1106, 2000 WL 819276; In re T.W., Cuyahoga App. Nos. 88360, 88424,2007-Ohio-1441; and Silverman v. Amer Income Life Ins. Co. ofIndianapolis, Franklin App. Nos. 01AP-338, 01AP-339, 2001-Ohio-8890. "`[L]ocal rules are of the court's own making, procedural in nature, and not substantive principles of law. Accordingly, it has been held that there is no error when, in its sound discretion, the court decides that the peculiar circumstances of a case require deviation from its own rules.'" Id., quoting Yanik v. Yanik, Summit App. No. 21406, 2003-Ohio-4155, ¶ 9.
 {¶ 33} With respect to summary judgment, due process requires that the parties to an action are afforded sufficient notice and an opportunity to respond before a trial court may grant a motion for summary judgment.Ameritech Publishing, Inc. v. Matejkovic, Butler App. No. CA2007-08-183,2008-Ohio-2112, ¶ 9. Ohio courts have previously recognized that Civ. R. 56 does not directly preclude a party seeking summary judgment from filing a reply brief. Dunfee v. Midwestern Indemn. Co. (1990),70 Ohio App.3d 301, 304; P O Containers, Ltd. v. Jamelco, Inc. (1994),94 Ohio App.3d 726, 731. "Although not specifically provided for in the Civil Rules, common practice allows the moving party to reply to the brief opposing his motion for summary judgment." Bell v. Mittleman (Nov. 12, 1998), Cuyahoga App. No. 73350, 1998 WL 787391, at *4, citing P OContainers. Such courts, however, have also found that "neither the language of Civ. R. 56 nor common practice provide the nonmovant in a summary judgment exercise with the opportunity to respond to a reply brief of the movant." Chambers v. St. Mary's School (June 27, 1997), Geauga App. No. 96-G-2013, 1997 WL 401555, at *1, citing P OContainers.
 {¶ 34} With respect to Holland's reply memorandum, we find the trial court did not *Page 11 
abuse its discretion in considering the memorandum where appellant neither sought to strike or respond to the same for thirty days after it was filed. Moreover, with respect to Holland's supplemental reply memorandum, while we are cognizant that Holland presented evidence therein that was not presented in his original summary judgment motion, we find no prejudice resulted from the trial court's consideration of such evidence. As stated, the trial court properly excluded Bensen's and Marzola's expert testimony concerning the cause and origin of the fire where their opinions were unreliable and based upon facts not in evidence. Without such evidence, appellant failed to demonstrate a genuine issue of material fact remaining for trial, thereby rendering summary judgment appropriate.
 {¶ 35} Appellant also argues the trial court erred in considering a letter authored by Robert Higgins, who was one of the witnesses who arrived at the scene of the fire. The letter in question was attached as an exhibit to Holland's deposition. Appellant argues the trial court impermissibly relied upon the letter to establish that the ceiling was intact at the time the fire in the bathroom had burned out.
 {¶ 36} Evid. R. 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid. R. 802 requires that a hearsay statement be excluded unless an exception applies pursuant to Evid. R. 803 and 804. Even where a statement is found to constitute hearsay, however, the party contesting the statement's admission must demonstrate that prejudice resulted. Blake v. Faulkner(Nov. 6, 1996), Shelby App. Nos. 17-95-12, 17-95-13, 1996 WL 669852, at *10, citing Smith v. Flesher (1967), 12 Ohio St.2d 107, paragraph one of the syllabus. See, also, Debevois v. Young's Home Lumber Center(Feb. 22, 1990), Franklin App. No. 89AP-835, 1990 WL 16706, at *3.
 {¶ 37} In this case, we cannot say the admission of Higgins' letter was prejudicial to appellant. The record demonstrates that sufficient other evidence was presented to support *Page 12 
the trial court's summary judgment decision. Specifically, two witnesses other than Higgins, including Holland and Chamberlain, testified that the ceiling was intact when they arrived at the scene of the fire. While appellant's experts opined that the fire originated in the attic and spread to the master bathroom through "drop down," appellant offered no evidence contradicting the eye witness accounts of Holland and Chamberlain, and in fact, conceded they were unaware of the witnesses' observations during their analysis of the subject fire. As the condition of the ceiling was undisputed based upon witnesses other than Higgins, we find appellant has failed to demonstrate prejudice resulted from the admission of Higgins' letter.
 {¶ 38} Appellant next contends the trial court erred in disregarding conflicting deposition and affidavit testimony from Marshall, which appellant argues was critical to its res ipsa loquitur argument. Marshall's testimony concerned whether other workers were in the attic area following his installation of wiring in the attic during the home's construction. We find Marshall's testimony irrelevant in light of our foregoing conclusion that summary judgment was properly granted where appellant failed to demonstrate a genuine issue of fact without the testimony of its fire cause and origin experts.
 {¶ 39} Finally, appellant argues the trial court erred in its application of the "physical facts" rule to exclude Bensen's and Marzola's testimony. Because we have already found that such testimony was properly excluded pursuant to Evid. R. 702 and 703, however, we need not address any alternative bases for exclusion employed by the trial court.
 {¶ 40} Based upon the foregoing, we find appellant's sole assignment of error without merit and overrule the same accordingly.
 {¶ 41} Judgment affirmed.
 WALSH, P.J. and BRESSLER, J., concur. *Page 1