OPINION
{¶ 1} Plaintiff-appellant, Sandra Jo Black, appeals the decision of the Clinton County Court of Common Pleas, Domestic Relations Division, denying her motion to continue the final hearing of her divorce proceedings against defendant-appellee, Donald A. Black.
 {¶ 2} Following a year-long period where appellant filed a civil protection order *Page 2 
against appellee, the parties necessarily separated, and where the magistrate continued the final hearing in that matter several times to give the parties an opportunity to attend mediation and receive counseling, appellant filed a complaint for legal separation on July 14, 2006. Appellee filed an answer and cross-claim for divorce on August 1, 2006. The magistrate set the final hearing on the matter for March 19-20, 2007.
 {¶ 3} On February 22, 2007, the attorney for appellant at the time filed a motion to withdraw, attaching a statement from appellant stating she no longer wanted the attorney's assistance as counsel. Although the magistrate granted this continuance, she indicated the matter would still go forward beginning March 19, 2007.
 {¶ 4} Appellant's new counsel then asked the court for another continuance on February 29, 2007, for additional time to prepare for the hearing. The magistrate granted this motion over appellee's objections. The matter was then set for further pretrial and mediation, and the magistrate again adjusted the final hearing date to June 6-7, 2007.
 {¶ 5} On May 23, 2007, appellant's counsel filed another motion for a continuance due to a delay in taking depositions. The magistrate again granted the continuance over appellee's objections and set the matter for another 2-day final hearing on July 27 and 30, 2007.
 {¶ 6} Appellant, pro se, filed an "emergency motion" for a continuance on July 25, 2007, alleging that her counsel had withdrawn. The magistrate denied the motion, as counsel for appellant had not filed any motion to withdraw. Shortly thereafter, counsel did file a motion to withdraw. 45 minutes before the final hearing on July 27, appellant again filed a pro se motion for a continuance.
 {¶ 7} Counsel for appellant appeared at the final hearing, as the magistrate had not yet granted his motion to withdraw. After a discussion off the record, the magistrate permitted counsel to withdraw and subsequently denied appellant's motion to continue. The *Page 3 
court then conducted the hearing over several days and issued a decision on August 13, 2007. Appellant filed objections to the decision, and after a number of continuances, filed a transcript. Thereafter, the trial court overruled appellant's objections. From that judgment, appellant appeals, setting forth two assignments of error.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "THE TRIAL COURT ABUSED ITS DISCRETION BY ADOPTING MAGISTRATE'S DECISION ON DIVORCE DESPITE PLAINTIFF'S PRO-SE EMERGENCY MOTION FOR A CONTINUANCE AFTER HER TRIAL COUNSEL WAS PERMITTED TO WITHDRAW ON THE DAY OF THE FINAL HEARING."
 {¶ 10} Appellant argues "the trial court abused its discretion in denying the emergency motion for a continuance by considering comments and facts not contained within the official record, ignoring its own local rules, and failing to properly apply the `balancing test' to the actual facts in the case."
 {¶ 11} The grant or denial of a continuance is a matter entrusted to the broad, sound discretion of the trial court. State v. Unger (1981),67 Ohio St.2d 65, 67; Tener v. Tener-Tucker, Warren App. No. CA2004-05-061, 2005-Ohio-3892, ¶ 41. We will not reverse the denial of a continuance absent an abuse of the trial court's discretion. Id. An abuse of discretion is more than an error of law or judgment; it implies the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 12} In ruling on a motion for a continuance, the trial court may consider the following factors: "the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the [movant] contributed to the circumstance which gives *Page 4 
rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." Unger, at 67-68. See alsoTener at ¶ 42. The court should weigh any potential prejudice to the movant against the "court's right to control its own docket and the public's interest in the prompt and efficient dispatch of judgment."Unger at 67.
 {¶ 13} In the case at bar, the trial court overruled appellant's objections and found the continuance was not warranted. In the decision denying appellant's motion to continue, the magistrate found that this was the third time the matter had been set for a two-day hearing, and in considering her docket, found it was impossible to schedule the hearing again within 60 days. The magistrate noted appellant filed her motion only two days before the hearing date, and her final attempt to delay the hearing came just 45 minutes before it was to begin. There were witnesses waiting to testify, and this was the second attorney appellant had fired prior to the final hearing. The magistrate also found that the purpose of the continuance was to delay the proceedings. In addition, the magistrate considered that the children of the two litigants were to start school within three weeks, and custody was an issue in the case. Furthermore, the magistrate interviewed the children and determined that further delaying the final hearing was not in the best interest of the children, as the matter needed finality for the children's sake.
 {¶ 14} Although it appears from the magistrate's decision and the court's entry that a portion of the discussion regarding the withdrawal of appellant's counsel and the emergency motion to continue was not recorded, the record before us nevertheless demonstrates the magistrate did not abuse its discretion in properly balancing the competing interests of appellant, appellee, the parties' children, and the court's control of the docket. We find the trial court did not act unreasonably, arbitrarily, or unconscionably when it overruled appellant's objection to the magistrate's decision denying appellant's emergency motion to continue. Accordingly, appellant's first assignment of error is overruled. *Page 5 
 {¶ 15} Assignment of Error No. 2:
 {¶ 16} "THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY ADDING A PREJUDICE STANDARD TO THE ABUSE OF DISCRETION STANDARD WHEN REVIEWING WHETHER A LOWER COURT ABUSED ITS DISCRETION IN NOT GRANTING A MOTION FOR CONTINUANCE."
 {¶ 17} Appellant claims the trial court added or amended the abuse of discretion standard of review when, after determining the magistrate did not abuse its discretion in denying appellant's emergency motion to continue, the trial court stated, "Even if one were to conclude the Emergency Motion should have been granted, the Court has before it a 1,281 page transcript upon which the Magistrate's Decision was based. New counsel for [appellant] has failed to identify any one substantive issue which [sic] was wrongly decided by the Magistrate. Without some demonstration that error exists on the substantive decision, the Court concludes no prejudice resulted from denying the Emergency Motion."
 {¶ 18} As previously stated, the trial court did not abuse its discretion in overruling appellant's objections regarding the magistrate's denial of her emergency motion to continue. After properly applying the appropriate standard of review and overruling appellant's objection, the trial court merely noted that appellant didn't identify any substantive issues regarding the divorce decree decided wrongly by the magistrate. Accordingly, appellant's second assignment of error is wholly without merit and is overruled.
 {¶ 19} Judgment affirmed.
 WALSH, P.J., and BRESSLER, J., concur. *Page 1