[Cite as *Dakin v. Springboro Pediatrics*, 2013-Ohio-2867.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| CRAIG DAKIN, ADMINISTRATOR OF THE ESTATE OF GRACIE LYNN DAKIN, | : | |
| | : | CASE NO.  CA2012-11-113 |
| Plaintiff-Appellant, | : | O P I N I O N |
| - vs - | : | 7/1/2013 |
| | : | |
| SPRINGBORO PEDIATRICS, INC., et al., | : | |
| | : | |
| Defendants-Appellees. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 11CV79143

Richard B. Reiling, 5045 North Main Street, Suite 320-D, Dayton, Ohio 45415, for for plaintiff-appellant

Lindhorst & Dreidame Co., LPA, Michael F. Lyon, 312 Walnut Street, Suite 300, Cincinnati, Ohio 45202, for defendants-appellees, Springboro Pediatrics and Charles Hutchison, M.D.

**S. POWELL, J.**

{¶ 1}  Plaintiff-appellant, Craig Dakin, Administrator of the Estate of Gracie Lynn Dakin, appeals from a decision of the Warren County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Springboro Pediatrics, Inc. and Charles Hutchison, M.D.  In appealing this decision, appellant argues the trial court erred in denying his Motion to Continue Trial and Leave to Name Additional Expert Witnesses.

{¶ 2} This case arises out of the tragic death of Gracie Lynn Dakin (Dakin). Dakin was seen in Dr. Charles Hutchison's office on February 28, 2008 complaining of flu-like symptoms. Two days later, she died. Her cause of death was "acute suppurative streptococcal bronchopneumonia" (pneumonia). Appellant is the father of Dakin. On February 9, 2011, appellant, in his representative capacity as administrator of Dakin's estate, filed a wrongful death medical malpractice suit against several defendants including Dr. Hutchison and his employer, Springboro Pediatrics, Inc. (Springboro Pediatrics).[1] In the complaint, appellant alleged Dakin would have survived if she had been properly diagnosed and treated by Dr. Hutchison. Attached to the complaint was an affidavit of merit by Dr. Mark T. Hash.

{¶ 3} On June 13, 2011, the trial court issued a scheduling order, setting a trial for November 5, 2012. The scheduling order also set discovery deadlines for the parties' expert witnesses. Pursuant to the order, appellant was required to identify his expert witnesses by July 11, 2011 and provide his experts' reports to the opposing parties by August 12, 2011.

{¶ 4} On July 12, 2011, Appellant moved for additional time to disclose "supplemental" expert witnesses. The trial court granted this motion, extending the deadline for appellant to identify his expert witnesses to August 3, 2011. Appellant failed to identify any other experts beside Dr. Hash. Springboro Pediatrics and Dr. Hutchison disclosed their expert witnesses in accordance with the court's scheduling order.

{¶ 5} Approximately one month before trial, on October 4, 2012, appellant filed a Motion to Continue Trial and Leave to Name Additional Expert Witnesses. In this motion, appellant explained that Dr. Hash was deposed in December 2011, and during the

---

1. Appellant also brought suit against TriHealth, Inc. d.b.a. Bethesa Medical Center, Harold Taylor, M.D., and Qualified Emergency Specialists, Inc., who also treated Dakin. However, appellant voluntarily dismissed the claims against TriHealth, Inc. on June 7, 2011, and the claims against Dr. Taylor and Qualified Emergency Specialists, Inc. on April 25, 2012. These defendants are not parties to this appeal.

deposition, Dr. Hash testified that he was unable to say how long the pneumonia was present in Dakin's system or whether the pneumonia could have been detected by a chest x-ray on the day of Dr. Hutchison's examination. As a result of this testimony, appellant conceded that he was unable to prove his claim. Specifically, appellant was unable to provide evidence to establish that a deviation from the appropriate standard of care was the direct and proximate cause of Dakin's death. Appellant further stated that "after months of searching [appellant] believes that he has located an expert that will opine to a reasonable degree of certainty that the pneumonia was present (and detectable) at the time of Dr. Hutchison's examination." Accordingly, "in the interests of justice" appellant requested the trial court continue the trial so he could "present testimony as to causation." Dr. Hutchison and Springboro Pediatrics objected to the motion.

{¶ 6} On October 12, 2012, the trial court denied appellant's motion and granted leave to Springboro Pediatrics and Hutchison to file a motion for summary judgment. Springboro Pediatrics and Dr. Hutchison filed a motion for summary judgment, and on October 24, 2012, the trial court granted the motion as appellant was unable to present any evidence on causation. It is from that judgment appellant appeals, setting forth one assignment of error.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED BY DENYING APPELLANT'S REQUEST FOR LEAVE TO NAME AN ADDITIONAL EXPERT AND TO CONTINUE TRIAL.

{¶ 9} Appellant asserts in his sole assignment of error that the trial court abused its discretion in denying his request to continue trial and name an additional expert. He asserts that the trial court's decision to deny his motion necessarily required the trial court to grant Dr. Hutchison and Springboro Pediatrics' motion for summary judgment as he freely admitted that without this additional expert's testimony he would be unable to prove his case.

Appellant argues the trial court should have granted his motion because the trial had not previously been continued and Dr. Hutchison and Springboro Pediatrics were unable to show they would be prejudiced by the continuance.

{¶ 10} The decision to grant or deny a continuance is entrusted to the sound discretion of the trial court. *Black v. Black*, 12th Dist. No. CA2008-06-022, 2009-Ohio-92, ¶ 11, citing *State v. Unger*, 67 Ohio St.2d 65, 67 (1981). Likewise, decisions related to discovery are also committed to the sound discretion of the trial court. *Silver v. Jewish Home of Cincinnati*, 190 Ohio App.3d 549, 2010-Ohio-5314, ¶ 21 (12th Dist.). Accordingly, we review the trial court's decision for an abuse of discretion. An abuse of discretion is more than an error of law or judgment; it implies the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 11} In ruling on a motion for continuance, the trial court may consider the following factors:

> the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the [movant] contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*Unger* at 67-68; *Tener v. Tener-Tucker*, 12th Dist. No. CA2004-05-061, 2005-Ohio-3892, ¶ 42. The court should weigh any potential prejudice to the movant against the "court's right to control its own docket and the public's interest in the prompt and efficient dispatch of judgment." *Black* at ¶ 12, citing *Unger* at 67.

{¶ 12} In the case at bar, appellant argued that the need for an additional expert did not arise until after the deposition of Dr. Hash. Dr. Hash's deposition was taken on December 6, 2011. Appellant stated that since Dr. Hash's deposition, he had been searching

for an expert who could testify that "the pneumonia was present (and detectable) at the time of Dr. Hutchison's examination." In his October 4, 2012 memorandum in support of his motion, appellant also stated he "believe[d] that he has located an expert" who would provide this requisite testimony. Dr. Hutchison and Springboro Pediatrics "strenuously objected" to the motion, arguing that they were prepared for trial on November 5, 2012, and that any continuance would prejudice them as they had adhered to the court's scheduling orders.

{¶ 13} In evaluating appellant's motion, the trial court found that this action was first filed on August 20, 2009, and during this time, appellant did not name any expert witnesses. According to the trial court, appellant voluntarily dismissed the case in August 2010 and re-filed the present action on February 9, 2011. The trial court further noted that appellant disclosed Dr. Hash as the only expert in the case. Finally, the trial court observed that appellant had not requested or taken the deposition of any defense experts in preparation for the November 5, 2012 trial. After considering these factors, the trial court denied appellant's motion.

{¶ 14} After a review of the record, we find the trial court did not abuse its discretion in denying appellant's motion. As noted by the trial court, this case had a long history which included appellant's continued failure to name any additional experts. Appellant had over four months from the time he re-filed this action in February 2011 until the July 2011 deadline to name expert witnesses. Even after the trial court granted appellant's request to extend the time to name additional expert witnesses to August 3, 2011, he still did not name any other expert witnesses. Furthermore, even if the trial court accepted appellant's argument that the need for additional expert testimony was not known until after Dr. Hash's deposition on December 6, 2011, appellant still waited nearly 10 months to request leave to name an additional expert. This request was made more than one year after the deadline to name such expert witnesses had passed and it was made just one month before trial. From this

record, appellant had ample time to find and secure an expert witness. It appears the delay in securing such testimony was attributable to appellant.

{¶ 15} Moreover, Dr. Hutchison and Springboro Pediatrics complied with all scheduling orders set forth by the trial court and had the appropriate expert testimony to defend against appellant's claims. A continuance of the trial, contrary to appellant's arguments, would have prejudiced Dr. Hutchison and Springboro Pediatrics as they had prepared for trial based on the testimony provided by appellant's only expert witness, Dr. Hash.

{¶ 16} Appellant knew at the time of filing his case in February 2011 that he would be required to present expert testimony as to the medical standard of care, breach of that standard of care, and causation in order to establish his medical malpractice claim. *See Longbottom v. Mercy Hosp. Clermont*, 12th Dist. Nos. CA2011-01-005 and CA2011-01-006, 2012-Ohio-2148, ¶ 32. The trial court was not obligated to delay the proceedings until such time that appellant was able to prove his case. Based on these facts and circumstances, the trial court did not act arbitrarily, unreasonably, or unconscionably in denying appellant's motion.

{¶ 17} Appellant's sole assignment of error is overruled.

{¶ 18} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.