[Cite as *Lykins v. Hale*, 2023-Ohio-752.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


|  |  |  |
|---|---|---|
| DONALD H. LYKINS, | : | |
| Appellant, | : | CASE NO. CA2022-07-037 |
| | : | O P I N I O N |
| - vs - | | 3/13/2023 |
| | : | |
| JEFFREY S. HALE, et al., | : | |
| Appellees. | : | |


APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2020 CVA 00833


Donald H. Lykins, pro se.

Coolidge Wall Co., L.P.A., and Christopher R. Conard and Zachary B. White, for appellees.


**PIPER, P.J.**

{¶1}     Appellant, Donald Lykins, appeals the decision of the Clermont County Court of Common Pleas, granting summary judgment in favor of appellee, Jeffrey Hale.[1]  Lykins brought this case against Hale for legal malpractice following divorce proceedings with

---

1. Hale's law firm was also named a defendant in this case.  For ease of discussion, we will refer to Hale and his law firm in the singular.

Lykins' now ex-wife, Susana.

## LYKINS' CONTESTED DIVORCE

{¶2} Lykins and Susana were married on August 31, 1996.[2] Two children were born issue of their marriage. On June 2, 2015, Susanna filed a complaint for divorce from Lykins. The divorce proceedings primarily involved issues of child custody, child support, and spousal support. The proceedings were highly contentious and prolonged. *Lykins v. Lykins*, 12th Dist. Clermont Nos. CA2017-06-028 and CA2017-06-032, 2018-Ohio-2144, ¶ 1.

{¶3} On October 31, 2016, Jeffrey Hale entered an appearance as counsel for Lykins. Previously, three other attorneys had represented Lykins, and all were permitted to withdraw as Lykins' counsel. Despite hiring Hale, Lykins also engaged in significant self-representation by signing and filing pleadings and communicating directly with opposing counsel.

{¶4} The divorce trial began on January 23, 2017, less than 3 months after Hale entered his appearance. Following the first day of trial, the case was continued in progress. On February 28, 2017, like his three predecessors, Hale moved to withdraw as Lykins' counsel, citing difficulty in communication that resulted in a dysfunctional relationship.

{¶5} On May 5, 2017, the domestic relations court held a final hearing during which Susana and Lykins provided additional testimony and evidence. Lykins represented himself at the final hearing. After taking the matter under advisement, the domestic relations court designated Susana as the residential parent of their minor children and ordered Lykins to pay spousal support and child support to Susana. This court affirmed the decision of the

---

2. Although Donald and Susana share the same last name, we refer to Donald as "Lykins" while referring to Susana by her first name. Susana is not a party to this case and is mentioned only briefly to provide factual background.

domestic relations court as to parental rights and responsibilities and spousal support, but concluded the court erred in its calculation of Lykins' child support obligation. Therefore, this court issued a limited remand for purposes of redetermining the child support obligation. *Lykins*, 2018-Ohio-2144, at ¶ 76.

## LYKINS SUES HALE FOR LEGAL MALPRACTICE

{¶6} On February 23, 2018, Lykins filed a complaint ("First Case") against Hale alleging legal malpractice in the divorce case. In the First Case, Lykins hired, as an expert, attorney Gregory Keyser to prepare an expert report on whether Hale's representation fell below the applicable standard of care ("Keyser Report"). The Keyser Report was filed in the trial court on May 31, 2019. Later, Lykins dismissed the First Case pursuant to Civ.R. 41(A).

{¶7} On October 5, 2020, Lykins refiled his legal malpractice complaint ("Second Case") against Hale. For reasons unclear, Keyser was not used as an expert witness in the Second Case. Rather, in the Second Case, Lykins hired attorney Nicholas Kulik as an expert. Kulik was only recently licensed to practice law in November 2016.

{¶8} Kulik prepared an expert report ("Kulik Report") indicating that Hale's representation of Lykins had fallen below the applicable standard of care. The Kulik Report was dated May 26, 2021. In response to Hale's motion for summary judgment, Lykins submitted an affidavit from Kulik and a "supplemental analysis." The trial court found that there was competing expert testimony which created genuine issues of material fact and therefore denied Hale's motion for summary judgment.[3]

{¶9} Shortly before the day of trial, Hale's counsel discovered that Kulik had

---

3. In support of his motion for summary judgment, Hale provided his own expert who produced a report extensively detailing that Hale did not deviate from the standard of care. The trial court found the differing opinions would be better decided by a trier of fact.

substantially plagiarized Keyser's report which had been filed in the previously dismissed First Case. Kulik had also failed to identify Keyser's report as a document relied upon in forming his independent opinion. Upon discovery of this impropriety, Hale's counsel immediately notified Lykins' counsel representing him at the time, as well as the trial court. Hale followed up with a motion to exclude Kulik's testimony as an expert in the case.

{¶10} The trial court scheduled a hearing on Hale's motion to exclude for June 9, 2022, four days before the scheduled final hearing. At the evidentiary hearing on the motion to exclude, Hale provided the trial court with copies of the Keyser Report and the Kulik Report and highlighted the extent of Kulik's plagiarism. During the hearing, Kulik admitted to retyping multiple portions of the Keyser Report verbatim into his own report. Despite plagiarizing from the Keyser Report in a substantial way and not identifying it as a document he reviewed in forming his own independent opinion, Kulik maintained that the opinions he expressed were his own based upon his independent analysis. Due to the volume and substance of the material plagiarized, it appears the trial court was unpersuaded.

{¶11} The trial court granted Hale's motion to exclude Kulik as an expert, finding that Kulik's opinions were unreliable and inadmissible. The trial court specifically determined that Kulik copied his opinions from Keyser's report. The trial court also denied Lykins' oral motion for a 90-day continuance to obtain a new expert and to file a new report. Hale filed a motion for reconsideration of the trial court's initial decision denying Hale summary judgment. In opposing Hale's motion for reconsideration of summary judgment, Lykins made a motion requesting the trial court reconsider the exclusion of Kulik's testimony.

{¶12} On July 1, 2022, the trial court denied Lykins' motion for reconsideration and granted Hale's motion for reconsideration of its earlier denial of summary judgment. The trial court found that Lykins lacked expert testimony concerning the applicable standard of

care and therefore could not prevail on his legal malpractice claim. As a result, the trial court granted summary judgment in favor of Hale. Lykins now appeals, raising three assignments of error for review. For ease of discussion, we will address Lykins' assignments of error out of order.

{¶13} Assignment of Error No. 1:

{¶14} THE TRIAL COURT ERRED WHEN IT FAILED TO ADHERE TO ITS OWN AUGUST 31, 2021, SCHEDULING ORDER BY GRANTING THE DEFENDANT'S MOTION TO EXCLUDE TESTIMONY FILED ON JUNE 7, 2022.

{¶15} Assignment of Error No. 3:

{¶16} THE TRIAL COURT ERRED WHEN THE COURT FOUND THE PLAINTIFF'S EXPERT REPORT TO BE UNRELIABLE BASED UPON HIS SPECIALIZED SKILL, TRAINING, EDUCATION, AND EXPERIENCE.

{¶17} Lykins' first and third assignments of error will be addressed first because they both concern the trial court's decision to exclude Kulik. In his first assignment of error, Lykins argues the trial court should have denied Hale's motion to exclude because it was filed after the trial court's deadline for motions in limine to be filed, pursuant to the scheduling order. In his third assignment of error, Lykins argues the trial court abused its discretion by finding Kulik's report to be unreliable.

{¶18} The standard of review for all of the matters raised herein is abuse of discretion. An abuse of discretion means more than an error of law or judgment. *Vaughn v. Vaughn*, 12th Dist. Warren No. CA2021-08-078, 2022-Ohio-1805, ¶ 26. Rather, an abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Sparks v. Sparks*, 12th Dist. Warren No. CA2015-10-095, 2016-Ohio-2896, ¶ 7, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**FIRST ASSIGNMENT OF ERROR: SCHEDULING ORDER**

{¶19}  Lykins first argues the trial court erred when "it failed to adhere to its own [scheduling order]."  Lykins argues that the trial court's consideration of Hale's motion to exclude was an "unconscionable action" that proves the trial judge was biased against him "in that he never wanted a legal malpractice case to move forward under his watch."

{¶20}  As relevant to Lykins' argument, the record reflects that Lykins filed the Kulik Report on June 11, 2021.  The trial court then issued a scheduling order on August 31, 2021.  The scheduling order addressed a number of issues: it set the case for a jury trial from June 13-17, 2022, and provided various dates for the disclosure of witnesses, the submission of proposed jury instructions, and the filing of trial briefs.  As pertinent here, the scheduling order provided that motions in limine were to be served no later than 14 days prior to trial.  In this case, that would mean a motion in limine should have been filed and served prior to May 31, 2022.

{¶21}  The record shows that Hale filed a "motion to exclude" on June 7, 2022, approximately six days prior to trial.  Lykins argues that the "motion to exclude" is nothing more than a motion in limine by another name and therefore submits that the trial court should have "adhere[d]" to its prior scheduling order and denied Hale's motion to exclude. Lykins maintains that Hale was deceitful in captioning his motion a "motion to exclude," and that the decision to allow the motion was unreasonable.

{¶22}  Hale submits that he only discovered that Kulik plagiarized the Keyser Report as he prepared for trial and had limited options.  Hale argues that his decision to proceed with the motion to exclude was based upon the trial court's express statement that it did not want any "surprises" at trial.  This desire to avoid "surprises" was confirmed by the trial court during the motion hearing:

> TRIAL COURT: I greatly appreciate that [the request for

exclusion] was raised pretrial – and [Hale's counsel] has referenced, I think, on a prior telephone conversation with the Court and counsel – that the reason – at least one reason that he did bring it to my attention is because I tried to make it clear ahead of time that I don't like last minute issues, and you know, I want to have as much heads up on any contested issues that are coming before the Court. So I appreciate that it was handled in this matter.

{¶23} Despite the trial court's statements, Lykins argues that the trial court's decision was tainted by bias and deceit. Lykins ignores the fact that Hale could have presented the arguments concerning Kulik's plagiarized report at trial. Instead, Lykins focuses on the fact that the "motion to exclude" is really a "motion in limine" and therefore fell outside the permissible time period as contained in the scheduling order.

{¶24} Upon reviewing the record, we find Lykins' arguments to be without merit. A trial court's grant or denial of a motion in limine is a tentative, preliminary, or presumptive ruling about an evidentiary issue that is anticipated but has not yet been presented in its full context. *State ex rel. Solid Rock Ministries Internatl. v. Monroe*, 12th Dist. Warren No. CA2021-04-035, 2022-Ohio-431, ¶ 23. A trial court's decision on a motion in limine merely provides a preliminary ruling that must be preserved at trial through an objection, proffer, or other ruling on the record. *Id.* On the other hand, a motion to exclude expert witness testimony, once excluded, may not be revisited in the way that a motion in limine permits. Hale was not seeking a tentative ruling.

{¶25} The trial court had discretion to consider the motion to exclude and therefore did not err or abuse its discretion. Furthermore, it is well established that trial courts have inherent power to manage their own dockets and the progress of the proceedings before them. *Canady v. Rekau & Rekau, Inc.*, 10th Dist. No. 09AP-32, 2009-Ohio-4974, ¶ 16. Although scheduling orders are useful in setting the parameters of litigation, the trial court, using its inherent authority, had ample reasons to consider Hale's motion to exclude when

it did. Accordingly, we find the trial court did not abuse its discretion in managing its own docket and ruling on the motion to exclude expert testimony.

### THIRD ASSIGNMENT OF ERROR: EXCLUDING "EXPERT" KULIK

{¶26} In his third assignment of error, Lykins argues the trial court erred when it determined that Kulik's opinions were unreliable and prevented Kulik from testifying as an expert witness. Lykins contends that the issues discussed at the June 9, 2022, hearing, especially as to Kulik's plagiarism and his inexperience, went to the "weight and or credibility" of the testimony, rather than admissibility.

{¶27} It is well established that trial courts have broad discretion in determining whether evidence is admissible. *Komenovich v. AK Steel Corp.*, 12th Dist. Butler No. CA98-08-172, 1999 Ohio App. LEXIS 152, at *19 (Jan. 25, 1999). With respect to expert opinions, trial courts have been deemed "gatekeepers" tasked with screening such evidence for relevancy and reliability. *State Farm Fire & Cas. Co. v. Holland*, 12th Dist. Madison No. CA2007-08-025, 2008-Ohio-4436, ¶ 14. *See also Scott v. Yates*, 71 Ohio St.3d 219, 221 (1994) (trial courts are assigned the responsibility to make threshold determinations regarding admissibility).

{¶28} For expert testimony to be admissible, Evid.R. 702 requires:

> (A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;
>
> (B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;
>
> (C) The witness' testimony is based on reliable scientific, technical, or other specialized information.

*Estate of Smith v. W. Brown Local School Dist.*, 12th Dist. Brown No. CA2014-06-012, 2015-Ohio-154, ¶ 34.

{¶29} The expert witness is not required to be the best witness on the subject, but his or her testimony must assist the trier of fact in the search for the truth. *Alexander v. Mt. Carmel Med. Ctr.*, 56 Ohio St. 2d 155, 159 (1978). The expert must demonstrate some knowledge on the particular subject superior to that possessed by an ordinary juror. *Yates* at 221. "A ruling concerning the admission of expert testimony is within the broad discretion of the trial court and will not be disturbed absent an abuse of discretion." *Schneble v. Stark*, 12th Dist. Warren Nos. CA2011-06-063 and CA2011-06-064, 2012-Ohio-3130, ¶ 20.

{¶30} In the present case, Kulik submitted his report was a "true and accurate" copy of the report he prepared. He attested that his opinions were "based upon my years of experience as a practitioner of domestic relations law in Ohio, and upon the materials that I reviewed as listed in these reports." He further attested that his "opinions" "were formed to a reasonable degree of certainty."

{¶31} During his testimony in the hearing on the motion to exclude, Kulik admitted that his report contained a "material omission" in that he did not reference the Keyser Report in the list of materials he reviewed. He further admitted to manually retyping multiple portions of the Keyser Report into his own report.

{¶32} The trial court granted Hale's motion to exclude expert testimony from Kulik. Among other things, the trial court emphasized Kulik's plagiarism and concluded that the opinions expressed in Kulik's report were not his own. As stated by the trial court:

> As the vast majority of Kulik's opinions and the vast majority of the entire report were copied verbatim from Keyser's report, they are not the product of an independent analysis by Kulik of the materials provided by Lykins. They are not opinions based upon Kulik's specialized knowledge, training, skill, and/or experience. They are Keyser's opinions * * *. Because Kulik's opinions are not his own, but were plagiarized from Keyser, Kulik's opinions are not reliable and therefore not admittible either at trial, or as evidence offered in opposition to a motion for summary judgment, pursuant to Evid. R. 702(C). Further, since Kulik failed to identify Keyser's report as something he

relied upon in forming "his" opinions, his report and opinions are inadmissible under Evid. R. 705. By plagiarizing Keyser's opinions and offering them as his own, Kulik has irreparably tainted any opinions he may offer in this case.

{¶33} Following review, we find the trial court did not abuse its discretion in excluding expert testimony from Kulik and finding his report to be of no evidentiary value. As the "gatekeeper," the trial court was in the best position to evaluate whether Kulik was an appropriate expert. *Holland*, 2008-Ohio-4436, at ¶ 14. The trial court found that the amount of material plagiarized, and the substance of the material plagiarized rendered Kulik's opinion meaningless as it was devoid of any independent analysis belonging to Kulik. Accordingly, we find the trial court did not err or abuse its discretion by excluding Kulik from testifying as an expert. Lykins' third assignment of error is overruled.

{¶34} As a result, Lykins' first and third assignments of error are without merit and are hereby overruled. We now address Lykins' final argument that he should have been permitted additional time to find a new expert.

{¶35} Assignment of Error No. 2:

{¶36} TRIAL COURT ERRED WHEN IT FAILED TO GRANT THE PLAINTIFF'S REQUEST FOR A CONTINUANCE OF THE TRIAL AND AN EXTENSION TO OBTAIN A NEW EXPERT.

{¶37} Lykins, in his second assignment or error, argues the trial court erred when it denied his request for a continuance of the trial date in order to obtain a new expert. As with the other assignments of error, the decision to grant or deny a continuance is entrusted to the sound discretion of the trial court. *Black v. Black*, 12th Dist. Clinton No. CA2008-06-022, 2009-Ohio-92, ¶ 11, citing *State v. Unger*, 67 Ohio St.2d 65, 67 (1981). Accordingly, we review the trial court's decision for an abuse of discretion. *Dakin v. Springboro Pediatrics*, 12th Dist. Warren No. CA2012-11-113, 2013-Ohio-2867, ¶ 10.

**{¶38}** In ruling on a motion for continuance, the trial court may consider the following factors:

> the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the [movant] contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*Unger* at 67-68; *Tener v. Tener-Tucker*, 12th Dist. Warren No. CA2004-05-061, 2005-Ohio-3892, ¶ 42. The court should weigh any potential prejudice to the movant against the "court's right to control its own docket and the public's interest in the prompt and efficient dispatch of judgment." *Black* at ¶ 12, citing *Unger* at 67.

**{¶39}** In evaluating Lykins' request for a continuance, the trial court noted that Lykins personally solicited Kulik, despite his lack of experience. Kulik had never previously testified as an expert, instead he plagiarized Keyser's report. The trial court noted that Lykins himself should have known Kulik would be materially influenced by Keyser's report. Once obtaining Kulik's report, Lykins should have known Kulik substantially copied the report of the previous expert. After all, Kulik copied voluminous portions of Keyser's report. The trial court found Lykins' failure to recognize the plagiarism was "inexcusable." After considering these factors, the trial court denied Lykins' request for a continuance.

**{¶40}** After reviewing the record, we find the trial court did not abuse its discretion in denying Lykins' request for a continuance. This case began with the filing of the complaint in the First Case in February 2018. Lykins voluntarily dismissed his claim in May 2019. He then refiled the case in October 2020, this time utilizing a new expert witness. While Lykins complains that Hale did not raise the issue concerning Kulik's plagiarism until the eve of trial, we note that Lykins should have been aware that Kulik copied Keyser's report. As

correctly noted by the trial court, Lykins himself provided the Keyser Report to Kulik. Hale was not required to alert Lykins to the deficiencies of his own case. In fact, the record indicates that Hale appropriately brought Kulik's plagiarism to the attention of the trial court based upon the trial court's admonition that it wanted no surprises at trial. The trial court stated that Lykins should not be provided "a third bite at the apple" to find an admissible, reliable expert opinion. Furthermore, had Hale waited to raise this issue at trial, which he could have done, Kulik simply would have been excluded and judgment would have been rendered in Hale's favor given the lack of expert testimony.

**{¶41}** The trial court was not obligated to further delay these proceedings so that Lykins could once again secure a new expert. The trial court further addressed Lykins' suggestion of a proffer of a new report from Kulik, written in his own words this time. The trial court found "To suggest that one can plagiarize someone else's work, then after getting caught, reword the document and pass it off as your own, defies credulity." Instead, the record suggests that Lykins would begin a fresh search for a new expert.[4] Lykins' request for a 90-day extension to identify another expert was without a clear indication that he would be ready to proceed. For all those reasons, we find the trial court did not act arbitrarily, unreasonably, or unconscionably in denying Lykins' unspecific request for a continuance. Lykins' second assignment of error is overruled.

**{¶42}** Judgment affirmed.

M. POWELL and BYRNE, JJ., concur.

---

4. At oral argument on this appeal, Lykins represented he was intending to call Keyser as an expert since he could no longer use Kulik. However, we can find nowhere in the record where Lykins informed the trial court he was going to call Keyser instead of Kulik.