[Cite as *Taylor v. Atrium*, 2019-Ohio-447.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| VICKI TAYLOR, et al., | : | |
| Appellants, | : | CASE NO. CA2018-07-074 |
| | : | O P I N I O N |
| - vs - | | 2/11/2019 |
| | : | |
| ATRIUM MEDICAL CENTER, et al., | : | |
| Appellees. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 17CV89806

Matthew J. Hammer, Christopher J. Snyder, 229 Dayton Street, Hamilton, Ohio 45011, for appellants

John F. Haviland, 6 North Main Street, Suite 400, Dayton, OH 45402-1908, for appellee, Atrium Medical Center

Thomas P. Mannion, Daniel A. Leister, Benjamin C. Hoffman, Lewis, Brisbois, Bisgaard & Smith, LLP, 1375 East 9th Street, Suite 2250, Cleveland, Ohio, 44114, for appellee, MHR Solutions, Inc. dba Massage Envy

**PIPER, J.**

{¶ 1} Appellants, Vicki and Ralph Taylor, appeal a decision of the Warren County Court of Common Pleas granting summary judgment in favor of appellees, MHR Solutions, LLC d.b.a. Massage Envy and Atrium Medical Center.

{¶ 2}    Vicki is employed at Atrium and participated in its "Hospital Appreciation Week" by receiving a complimentary massage.  Massage Envy provided the free massages to hospital personnel and had set up several massage chairs in the hospital.  Vicki signed a waiver and sat in one of the massage chairs to receive her massage.  However, the chair collapsed, and Vicki suffered physical injury as a result.

{¶ 3}    Vicki and her husband, Ralph, filed a negligence and loss of consortium suit against Massage Envy and Atrium.  Massage Envy and Atrium moved for summary judgment, arguing that they were entitled to judgment because the Taylors' claims were barred due to Vicki's release of liability.  The trial court granted summary judgment in favor of Massage Envy and Atrium.  The Taylors now appeal the trial court's decision, raising the following assignments of error.  Because both assignments of error are interrelated, we will address them together for ease of discussion.

{¶ 4}    Assignment of Error No. 1:

{¶ 5}    THE TRIAL COURT IMPROPERLY GRANTED DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.

{¶ 6}    Assignment of Error No. 2:

{¶ 7}    THE TRIAL COURT IMPROPERLY CONSTRUED THE RELEASE OF LIABILITY TO INCLUDE FURNITURE AND/OR EQUIPMENT.

{¶ 8}    The Taylors argue in their assignments of error that the trial court erred by granting summary judgment in favor of Massage Envy and Atrium because Vicki's release did not apply to the massage chair.

{¶ 9}    An appellate court reviews a trial court's decision on a motion for summary judgment de novo, independently and without deference to the decision of the trial court. *Tankersley v. Ohio Fair Plan Underwriting Assn.*, 12th Dist. Clermont No. CA2018-01-003, 2018-Ohio-4386.  Summary judgment is proper when the record indicates that (1) there is no

- 2 -

genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to a conclusion which is adverse to the nonmoving party. Civ.R. 56(C); *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

{¶ 10} The moving party bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once this burden is met, the nonmoving party may not rest upon the mere allegations or denials of the pleadings, but must supply evidentiary materials setting forth specific facts showing there is a genuine issue of material fact for trial. *Puhl v. U.S. Bank, N.A.*, 12th Dist. Butler No. CA2014-08-171, 2015-Ohio-2083, ¶ 13. Summary judgment is proper if the nonmoving party fails to set forth such facts. *Id.* In determining whether a genuine issue of material fact exists, the evidence must be construed in favor of the nonmoving party. *Palmer v. Mossbarger*, 12th Dist. Madison No. CA2014-04-011, 2015-Ohio-231, ¶ 13.

{¶ 11} To establish a negligence claim, the plaintiff must demonstrate a duty owed by the defendant to the plaintiff, a breach of that duty, and that the plaintiff's injury proximately resulted from the defendant's breach of duty. *Young v. Eagle*, 12th Dist. Clermont No. CA2016-09-063, 2017-Ohio-7211, ¶ 18. However, a negligence claim is barred by the plaintiff's valid execution of a release of liability of future tortious conduct. *Glaspell v. Ohio Edison Co.*, 29 Ohio St.3d 44 (1987). Such exculpatory clauses are not favored by the law, and are thus strictly construed against the drafter unless the language is clear and unequivocal. *Id.* at 47.

{¶ 12} Nonetheless, "courts routinely apply such releases to bar future tort liability as long as the intent of the parties, with regard to exactly what kind of liability and what persons and/or entities are being released, is stated in clear and unambiguous terms." *Brown-*

*Spurgeon v. Paul Davis Sys. of Tri-State Area*, 12th Dist. Clermont No. CA2012-09-069, 2013-Ohio-1845, ¶ 51.  On the other hand, where the language of the release is ambiguous or too general, courts have held that the intent of the parties is a factual matter for the jury. *Id.*  "The pivotal inquiry is whether it is clear from the general terms of the entire contract, considered in light of what an ordinary prudent and knowledgeable party of the same class would understand, that the proprietor is to be relieved from liability for its own negligence." *Id.*

{¶ 13} Vicki signed a release of liability, which included the following language,

> You understand and voluntarily accept any risks of which you have been advised about associated with your massage, or from any use of the company's facilities, and hereby release Massage Envy (including its employees, practitioners, agents, and insurers) from all liability for any injury, including, without limitation, personal, bodily, or mental injury, economic loss or any damage to you resulting there from.  You further hereby release all of the foregoing personnel and entities from all liability arising from such injury or damage resulting from your failure to disclose any pre-exiting condition, limitation, or specific sensitivities, or your failure to inform your therapist of any discomfort during the session.

{¶ 14} There is no dispute that Vicki signed the release before she sat on the massage chair.  However, Vicki alleges that issues of fact must be litigated to determine whether the massage chair was subject to the release.  We disagree.  The unambiguous language of the release references the term "facilities," which includes a "place, amenity, or *piece of equipment* provided for a particular purpose."  (Emphasis added.)  *English Oxford Dictionary* (2019).

{¶ 15} The release clearly covers risks from "any use of the company's facilities," which includes the chairs because the chairs are pieces of equipment used by Massage Envy employees for the particular purpose of giving massages.  The release expressly releases liability for any injuries that arise from the use of the company's facilities, which

creates a clear release of liability from injuries sustained as a result of sitting in, or falling from, the company's massage chairs.

{¶ 16} The release's language makes specific reference to the company's facilities, which shows the clear intent to cover chairs and related equipment. This is especially true because the only Massage Envy "facility" Vickie encountered that day was the chair. While one may not automatically anticipate injury from a massage chair collapsing, it is not necessary to be able to predict with exact particularity, how the event causing the injury will unfold. *Griggy v. Edwards Motors, Inc.*, 5th Dist. Licking No. CA-3684, 1992 Ohio App. LEXIS 1302 (Mar. 11, 1992) (holding that the applicable release applied to an injury caused by a piece of equipment being used to allow a racing event to occur).

{¶ 17} Vickie also argues that a jury must decide if the release applies to her given that she did not understand the potential risks associated with sitting in a massage chair. Despite Vicki's arguments, whether she knew of the potential risks associated with sitting in the massage chair does not impact the fact that she agreed to release the company from liability when using its chair.

{¶ 18} Nor does the condition of the chair have any impact on the enforceability of the release, as the release's language did not include reference to only certain types of equipment or those of a certain condition. Instead, the release applied to "any risks" from "any use" of Massage Envy's facilities, including Vickie's use that day. This injury was caused by the equipment used by Massage Envy when giving massages, and we find this type of injury directly connected to the injuries of which the release speaks. *See Hall v. Woodland Lake Leisure Resort Club*, 4th Dist. Highland No. 97 CA 945, 1998 Ohio App. LEXIS 4898 (Oct. 15, 1998) (affirming grant of summary judgment where a bench that collapsed was included in the release appellant signed because the release covered the company's facilities).

{¶ 19} After reviewing the record, we find that Massage Envy and Atrium are entitled to judgment as a matter of law because no genuine issues remain for litigation given the inclusion of Vickie's injury in the release of "any risks" associated with "any use of the company's facilities."  As such, the Taylors' assignments of error are overruled.

{¶ 20} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.