[Cite as *McCloy v. Allen*, 2022-Ohio-1704.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| REBECCA ANNE McCLOY, | : | |
| Appellant, | : | CASE NO. CA2021-09-110 |
| | : | O P I N I O N |
| - vs - | | 5/23/2022 |
| | : | |
| DENNIS WAYNE ALLEN, et al., | : | |
| Appellees. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV 2019 11 2241

O'Connor, Acciana & Levy Co LPA, and Robert B. Acciana, for appellant.

Roetzel & Andress, LPA, and Tyler M. Jolley and Robert W. Schrimpf for appellees.

**S. POWELL, J.**

{¶ 1} Appellant, Rebecca Anne McCloy ("McCloy"), appeals the decision of the Butler County Court of Common Pleas granting summary judgment in favor of appellees, Dennis Wayne Allen ("Allen") and Jones Bros. Towing & Trucking, Inc. ("Jones Bros."), on her negligence and negligence per se claims. For the reasons outlined below, we affirm the trial court's decision.

**Facts and Procedural History**

{¶ 2} On November 5, 2019, McCloy filed a complaint against Allen and Jones Bros. alleging claims of negligence and negligence per se based on Allen's alleged violation of three statutes: R.C. 4511.22(A), 4511.66(A), and 4511.33(A)(1). McCloy's claims arose after she and Allen were involved in a traffic accident during the early morning hours of November 16, 2017 while traveling northbound on I-75 near Exit 19 in West Chester Township, Butler County, Ohio. There is no dispute that, at the time of the accident, McCloy was operating a Toyota Yaris, whereas Allen was operating a Peterbilt truck and trailer owned by Jones Bros. There is also no dispute that, at the time of impact, McCloy's vehicle was traveling at a speed of 70.8 m.p.h. There is further no dispute that McCloy does not remember the accident and that, in the hours leading up to the accident, McCloy had consumed several alcoholic beverages. This, as McCloy subsequently admitted as part of her deposition testimony, resulted in her being under the influence of alcohol when she got into her vehicle to drive home that night.

{¶ 3} On April 8, 2021, Allen and Jones Bros. moved for summary judgment on McCloy's negligence and negligence per se claims. McCloy filed a memorandum in opposition to Allen's and Jones Bros.' motion on May 17, 2021. After taking the matter under advisement, the trial court issued a decision on August 12, 2021 granting Allen's and Jones Bros.' motion for summary judgment in its entirety. In so holding, the trial court initially stated in regard to McCloy's claim of negligence:

> The facts and evidence presented by [Allen and Jones Bros.] show that the brake line on the truck was damaged by debris in the roadway causing the brakes to lock up, and requiring Allen to get the truck off of the highway. Allen turned on his emergency flashers and left turn signal, safely merged into the left lane, and was pulling off onto the left shoulder when [McCloy] drove into the rear of the truck. Allen did not cut off [McCloy's] vehicle in merging to the left lane. The cause of the accident was [McCloy] driving while impaired, speeding, failing

to pay attention and failing to maintain an assured clear distance ahead. These facts demonstrate that [Allen and Jones Bros.] did not breach any duty, and did not cause the accident.

(Internal citations deleted.) In reaching this decision, the trial court noted that, in response to Allen's and Jones Bros.' motion for summary judgment, "[McCloy] did not support any of her claims with Civil Rule 56 evidence showing that a genuine issue of material fact for trial remains." The trial court also noted that McCloy "did not take any depositions or provide any expert reports," thereby rendering "undisputed" the deposition testimony and expert opinions offered by Allen and Jones Bros. in support of their motion for summary judgment.

{¶ 4} The trial court then stated in regard to McCloy's negligence per se claim alleging Allen had violated R.C. 4511.22(A),[1] the following:

> [Allen and Jones Bros.] presented evidence that the brakes on the truck were applied due to the brake failure caused by debris in the road, and it was not possible for Allen to drive the truck at highway speeds with the brakes applied. Also, Allen's speed was necessary for the safe operation of the truck because if he had not pulled the truck to the berm of the road, the truck would have stopped on its own in the middle of the highway. [McCloy] provided no Civil Rule 56 evidence to contradict these facts.

{¶ 5} The trial court also stated in regard to McCloy's negligence per se claim alleging Allen had violated R.C. 4511.66(A),[2] the following:

> The evidence presented by [Allen and Jones Bros.] shows that the truck was still in motion when [McCloy's] vehicle struck the rear of the truck. Again, [McCloy] provided no Civil Rule 56 evidence to contradict these facts.

{¶ 6} The trial court further stated in regard to McCloy's negligence per se claim

---

1. R.C. 4511.22(A) prohibits any person from stopping or operating a vehicle at such an unreasonably slow speed that such operation impedes or blocks the normal and reasonable movement of traffic, except when stopping the vehicle or reducing the vehicle's speed is necessary to safely operate the vehicle.

2. R.C. 4511.66(A) prohibits any person from parking on a highway.

alleging Allen had violated R.C. 4511.33(A)(1),[3] the following:

> [Allen and Jones Bros.] presented the affidavit of Allen, the report of Dr. Dunn,[4] and the deposition testimony of Cassidy[5] which all support the fact that Allen did not violate R.C. § 4511.33, but, instead, made a safe lane change. [McCloy] opines that Allen should have seen her vehicle, but does not support this with any specific facts or Civil Rule 56 evidence.

Therefore, because McCloy "failed to set forth specific facts beyond the allegations and denials in the pleadings demonstrating that a triable issue of fact remains," the trial court found Allen and Jones Bros. were entitled to summary judgment in their favor on both McCloy's negligence and negligence per se claims.

## McCloy's Appeal

{¶ 7} McCloy now appeals the trial court's decision, raising one assignment of error for review. To support her single assignment of error, McCloy argues the trial court erred by granting summary judgment in favor of Allen and Jones Bros. on her negligence and negligence per se claims. This is because, according to McCloy, it was error for the trial court to find no genuine issue of material fact exists that Allen and Jones Bros. "did not breach any duty" and "did not cause the accident" between herself and Allen. We find no merit to McCloy's claim.

### *De Novo Standard of Review*

{¶ 8} "This court reviews a trial court's summary judgment decision under a de novo standard." *Faith Lawley, LLC v. McKay*, 12th Dist. Warren No. CA2020-08-052, 2021-Ohio-

---

3. R.C. 4511.33(A)(1) requires a vehicle to be driven, as nearly as practicable, entirely within a single lane of traffic until the vehicle's driver has ascertained that moving from that single lane of traffic can be done safely.

4. The name "Dr. Dunn" refers to Dr. Ashley Dunn, a Senior Project Engineer for SEA, Ltd., who was hired as an expert witness to render a professional opinion regarding the reconstruction of the traffic accident between McCloy and Allen.

5. The name "Cassidy" refers to Maria Carmen Cassidy, the only independent witness who provided deposition testimony regarding the traffic accident between McCloy and Allen. This included Cassidy's testimony that she heard McCloy's vehicle crash into the rear end of the truck and trailer driven by Allen while Allen was merging off I-75 and onto the left shoulder area with the truck's left turn signal activated.

2156, ¶ 26, citing *Deutsche Bank Natl. Trust Co. v. Sexton*, 12th Dist. Butler No. CA2009-11-288, 2010-Ohio-4802, ¶ 7. "[D]e novo review means that this court uses the same standard the trial court should have used." *Nationwide Agribusiness Ins. Co. v. Heidler*, 12th Dist. Clinton Nos. CA2018-06-003, CA2018-07-004, CA2018-09-012, and CA2018-09-015, 2019-Ohio-4311, ¶ 71; *Morris v. Dobbins Nursing Home*, 12th Dist. Clermont No. CA2010-12-102, 2011-Ohio-3014, ¶ 14 ("[d]e novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial").

*Civ.R. 56 Summary Judgment Standard*

{¶ 9} "Summary judgment is a procedural device used to terminate litigation when there are no issues in a case requiring a formal trial." *Franchas Holdings, LLC v. Dameron*, 12th Dist. Clermont No. CA2015-09-073, 2016-Ohio-878, ¶ 16, citing *Roberts v. RMB Ents., Inc.*, 197 Ohio App.3d 435, 2011-Ohio-6223, ¶ 6 (12th Dist.). "Civ.R. 56 sets forth the summary judgment standard." *State ex rel. Becker v. Faris*, 12th Dist. Clermont No. CA2020-10-058, 2021-Ohio-1127, ¶ 14. "Pursuant to that rule, a court may grant summary judgment only when (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to a conclusion that is adverse to the nonmoving party." *Spitzer v. Frisch's Restaurants, Inc.*, 12th Dist. Butler No. CA2020-12-128, 2021-Ohio-1913, ¶ 6, citing *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 17 (12th Dist.). That is to say, summary judgment is proper "if there are no genuine issues of material fact to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party." *Drew v. Weather Stop Roofing Co., L.L.C.*, 12th Dist. Clermont No. CA2019-10-082, 2020-Ohio-2771, ¶ 10. "A material fact is one which would affect the

outcome of the suit under the applicable substantive law." *Hillstreet Fund III, L.P. v. Bloom*, 12th Dist. Butler No. CA2009-07-178, 2010-Ohio-2961, ¶ 9, citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986).

{¶ 10} The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists. *Touhey v. Ed's Tree & Turf, LLC*, 194 Ohio App.3d 800, 2011-Ohio-3432, ¶ 7 (12th Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Once this burden is met, the nonmoving party has a reciprocal burden requiring it to present evidence to demonstrate that there is some issue of material fact yet remaining to be resolved. *Smedley v. Discount Drug Mart, Inc.*, 190 Ohio App.3d 684, 2010-Ohio-5665, ¶ 11 (12th Dist.). The nonmoving party must do this with "'specific facts owing the existence of a genuine triable issue; it may not rest on the mere allegations or denials in its pleadings.'" *Oliphant v. AWP, Inc.*, 12th Dist. Butler No. CA2019-02-036, 2020-Ohio-229, ¶ 31, quoting *Deutsche Bank Natl. Trust Co. v. Sexton*, 12th Dist. Butler No. CA2009-11-288, 2010-Ohio-4802, ¶ 7, citing Civ.R. 56(E). "Summary judgment is proper if the nonmoving party fails to set forth such facts." *Taylor v. Atrium Med. Ctr.*, 12th Dist. Warren No. CA2018-07-074, 2019-Ohio-447, ¶ 10, citing *Puhl v. U.S. Bank, N.A.*, 12th Dist. Butler No. CA2014-08-171, 2015-Ohio-2083, ¶ 13. "In determining whether a genuine issue of material fact exists, the evidence must be construed in favor of the nonmoving party." *Assured Admin., LLC v. Young*, 12th Dist. Warren No. CA2019-04-039, 2019-Ohio-3953, ¶ 14, citing *Vanderbilt v. Pier 27, L.L.C.*, 12th Dist. Butler No. CA2013-02-029, 2013-Ohio-5205, ¶ 8.

*Negligence and Negligence Per Se Standards*

{¶ 11} Negligence and negligence per se are closely intertwined concepts. *Arnett v. Mong*, 12th Dist. Fayette No. CA2015-10-022, 2016-Ohio-2893, ¶ 8. "[I]n order to avoid summary judgment in a negligence action, the plaintiff must show that: (1) the defendant

owed a duty of care to the plaintiff; (2) the defendant breached that duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury." *Packman v. Barton*, 12th Dist. Madison No. CA2009-03-009, 2009-Ohio-5282, ¶ 12. With negligence per se, proof of a violation of a statute that sets forth specific duties "dispenses with a plaintiff's burden in a simple negligence case of proving the existence of a duty and breach of that duty." *Allstate Ins. Co. v. Henry*, 12th Dist. Butler No. CA2006-07-168, 2007-Ohio-2556, ¶ 10, citing *Morgan v. Mamone*, 8th Dist. Cuyahoga No. 87612, 2006-Ohio-6944, ¶ 19, citing *Shroades v. Rental Homes, Inc.*, 68 Ohio St.2d 20, 25 (1981); *Swader v. Paramount Property Mgt.*, 12th Dist. Butler No. CA2011-05-084, 2012-Ohio-1477, ¶ 22 (violation of a statute that sets forth specific duties constitutes negligence per se). "Therefore, to establish a negligence per se claim, the plaintiff must show (1) a violation of a statute, (2) the violation of the statute proximately caused the plaintiff's injuries, and (3) the defendant knew or should have known of the factual circumstances that proximately caused said injuries." *Capella v. Historic Developers, L.L.C.*, 12th Dist. Butler No. CA2017-07-109, 2018-Ohio-546, ¶ 43.

*Analysis*

{¶ 12} As noted above, to support her single assignment of error, McCloy argues the trial court erred by finding there was no genuine issue of material fact that Allen and Jones Bros. "did not breach any duty" and "did not cause the accident." Specifically, McCloy argues that it was error for the trial court to grant summary judgment to Allen and Jones Bros. because "genuine issues of material fact remained as to the proximate cause of the accident in this case." McCloy also argues that it was error for the trial court to grant summary judgment to Allen and Jones Bros. because "[t]he evidence that the trial court considered in ruling that [Allen and Jones Bros.] did not breach any duty was simply insufficient and should have been left up to a jury to decide."

{¶ 13} However, once Allen and Jones Bros. satisfied their initial burden requiring them to demonstrate that no genuine issue of material fact existed, something that Allen and Jones Bros. clearly did here, McCloy was required to present evidence in response to Allen's and Jones Bros.' motion demonstrating that there was some issue of material fact yet remaining to be resolved. McCloy did not do this. McCloy, in fact, did not present *any evidence* in response to Allen's and Jones Bros.' motion aside from the allegations set forth in her pleadings. Therefore, because McCloy did not set forth any specific facts owing to the existence of a genuine triable issue beyond the mere allegations set forth in her pleadings, and because summary judgment is proper if the nonmoving party fails to set forth such facts, the trial court did not err by granting summary judgment in favor of Allen and Jones Bros. on McCloy's negligence and negligence per se claims.

**Conclusion**

{¶ 14} For the reasons outlined above, and finding no error in the trial court's decision granting summary judgment in favor of Allen and Jones Bros. on McCloy's negligence and negligence per se claims, McCloy's single assignment of error lacks merit and is overruled.

{¶ 15} Judgment affirmed.

PIPER, P.J., and HENDRICKSON, J., concur.